STARK & HILLIARD v. I. N. SPERRY, et al.

USURY. *Commissions.* Where a commission merchant takes more than
six per cent. for money advanced, it will be usurious, whether he
takes it as interest or commissions.

#### FROM DAVIDSON.

Appeal from the Chancery Court at Nashville. W.
F. COOPER, Ch.

DEMOSS & MALONE and J. A. CARTWRIGHT for
complainants.

BATE & WILLIAMS and WILKIN & CHAMBERLIN
for defendants.

DEADERICK, C. J., delivered the opinion of the court.

In September, 1869, the complainants consigned to Sperry & McCrory, commission merchants at Nashville, forty-five barrels of whisky, to be by them stored for sale in their warehouse. Within a short time thereafter other consignments were made, until they had in store with Sperry & Co., successors to the first named firm, 315 barrels.

This stock was reduced by sale until September 1, 1871, when the firm of Nelson & Sperry succeeded the second named firm, and held, as factors and commission merchants, 298 barrels of the whisky.

In the meantime large advancements had been made to complainants, and when Nelson and Sperry succeeded to the business, the complainants were indebted to Sperry & Co. in the sum of $18,914.22, according to their statement, which sum was assumed and settled by Nelson & Sperry, and complainants assumed this liability to them, the 298 barrels of whisky being held thereafter in store by them.

By the 2d of July, 1872, Nelson & Sperry had sold all the whisky, which, according to their account of sales rendered, produced a sum sufficient to pay said advances and charges and $6,847.78 beside. Of this sum defendants paid complainants $5,000, and were willing to pay all if complainants would accept it in full settlement between them, but Hilliard declined to receipt in full in the absence of Stark, and so the matter rested until August, 1873, when complainants filed their bill in this case.

The bill, which seeks to surcharge and falsify defendants' account, charges that the contract between complainants and Sperry & McCrory was, that the complainants were to store whisky with defendants on the following terms: Defendants were to charge for storage twenty-five cents a barrel for the first month and fifteen cents for each succeeding month, and were to furnish, loan or advance whatever sums of money complainants might want at two per cent. for sixty days, and then at six per cent. per annum as long as they wanted it, or until the whisky was sold; that there was no contract for insurance, and the rates charged are excessive, as well as the rates charged for leakage and cooperage; that the charge of one per cent. government tax on sales, and the charge for guaranteeing one sale on credit, were unauthorized by the contract, and the charge of certain interest at several rests, being the two per cent. for sixty days on advances, was illegal and contrary to the contract, and usurious; that they sold whisky contrary to instructions, being interested as purchasers, after enough had been sold to pay all advances and charges.

As to these several charges, the answer admits that twenty-five cents per month for the first, and fifteen cents per month for subsequent months was the price agreed upon for storage; but as to insurance, leakage, cooperage and one per cent. government tax, and the charge for guaranteeing the sale on credit, it is insisted by the answer that the charges were legal, reasonable and in strict conformity with their contract, as was the charge of two per cent. for advances for

sixty days, and insist upon their right to charges for sale of the whisky in which complainants allege defendants had an interest as purchasers.

The first consignment of forty-five barrels of whisky was made September 11, 1869, and upon that day defendants Sperry & McCrory acknowledged receipt of the whisky, enclosing to complainants a "storage warehouse receipt" for the whisky, to which was annexed a list of "charges" as follows: "Storage twenty-five cents per barrel first month, fifteen cents thereafter"— "freight and drayage to be added"—"repairing"— "fire insurance one-fourth per cent. per month"— "cash advanced two per cent. sixty days"—"commission for selling"—"tax on sales"—"interest six per cent. per annum." Signed, "Sperry & McCrory." These charges, it also appears, were annexed to other receipts and charged on sales reported from time to time, and it is proved by Sperry & McCrory and their book-keeper, that before any contract was made or whisky shipped, these items of charge were read over and explained to Stark, and the prices for each item stated, and he accepted and agreed to said terms, they being the same upon which the account was kept by the different partnerships, and claimed as the basis of final settlement by defendants. Although Stark in his examination denies having agreed to pay these various items, he admitted they were annexed to receipt and account of sale rendered and received by his firm, but he states that he did not understand them as intending or meaning that his firm was liable to pay them. But, on the 1st of September, 1871,

upon a settlement with Sperry & Co., and Nelson & Sperry, who that day succeeded said Sperry & Co., Stark, after looking over the accounts, in which these items were charged to his firm, took Nelson & Sperry's receipt for 298 barrels of whisky, being the balance of 315 left undisposed of at the time of said settlement, and gave their receipt for $18,914.22, the amount of the advances and charges upon said 298 barrels of whisky. This sum included most of the items now objected to.

In view of these facts, we are of opinion that the contract was accepted and agreed to, as stated by defendants, and that the charges of the defendants for storage, insurance, guaranteeing and commission of sales, and for cooperage and tax on sales, were not unauthorized or excessive. The chancellor so held, and we think his conclusion warranted by the weight of the evidence.

But it is insisted that the contract to pay two per cent. for advance for sixty days, in addition to legal interest stipulated for as commissions for advances, was a device to cover a usurious rate of interest, and is in fact usurious, and therefore void and cannot be recovered, and the case of *Chester* v. *Apperson*, 4 Heis., 639 is cited and relied upon as sustaining this conclusion.

The bill filed by Chester sought to set aside, for usury in the note, a judgment obtained thereon, and alleged that Apperson was his commission merchant to whom he consigned his cotton, wheat and other products for sale; that Apperson furnished him groce-

ries and made cash advances to him, and, taking his note for such advances, charged him at the rate of two and one-half per cent. commission, and also legal interest; that the notes run for two to four months and were then renewed, and in the new notes, which bore legal interest, was also included the two and one-half per. cent. commissions. There were other transactions, as alleged, between the parties. Upon demurrer, the chancellor dismissed the bill, and the complainant appealed. This court held, that, notwithstanding the judgment at law, it was a proper case, owing to the embarrassment of the remedy at law, for chancery jurisdiction, and reversed the chancellor's decree dismissing the bill, and remanded the cause for answer and further proceedings. Judge Freeman, in delivering the opinion of the court, said: "The facts present a case of usury beyond all question, and of continuous usurious transactions, running through the whole period of the dealings between the parties." Chancellor Cooper, in his opinion in this case, reported in 2 Tenn. Ch. R., 304, held that a charge of interest for an advance of money as commissions for such advance, in addition to legal interest, which is part only of an entire contract, which embraces other matters, is not necessarily usurious, but it is a question of fact whether usury was intended. And for this proposition he cites numerous New York and Alabama cases, which certainly sustain his conclusion, that the contract in this case was not usurious and was therefore obligatory upon complainant.

But, adhering to our decision in the 4 Heiskell

Stark & Hilliard *v.* Sperry.

case, which is in substance the same as this, we hold that the contract was usurious.

The two per cent. commissions were charged in addition to the legal rate of interest, and solely for use of the money advanced. For each item of service connected with the transactions, there was a separate and distinct charge of a specific sum. In this case the charge for commission on advance of money, was for that alone, not for commission on sales, storage or other service, just as it was in the case of *Chester* v. *Apperson*. Both were cases of consignments to commission merchants of products to be stored and sold, on which the merchants agreed to make advances, and for which advances the two per cent. was charged, and not for other service as factors.

As to this matter of two per cent. commission on advances, the chancellor's decree will be reversed, and said commissions will be disallowed and deducted from the charges against complainants. In all other respects the chancellor's decree will be affirmed, except that the costs below will be divided, and in this court each party will pay one-half the costs. The clerk of this court will take an account, deducting said two per cent. commissions, and commissions for sale and for government tax on sales on the seventy-five barrels sold by complainants, and report instanter how the accounts stand, allowing interest on any balance ascertained to be due to complainants from the 5th of July, 1872.